## STAFFORD vs. *CALLIHAM.*

Appeal from the court of the sixth district.

A new trial will not be granted, if the party applying for it has not used due diligence to procure the necessary evidence.

Martin, J. delivered the opinion of the court. The plaintiff states that in 1817, he delivered to the defendant one hundred barrels of corn, for which he promised to return him one hundred and twenty in 1819; that the defendant received 39,000 pounds of seed cotton, to be ginned and baled; that by the ill management of the defendant, the said cotton was greatly injured, and he refuses to deliver said cotton or to pay the price of the corn.

The defendant pleaded the general issue.
There was judgment for the plaintiff.

The defendant appealed.

The statement of facts shews that the clerk of the district court deposed the original petition and answer are lost, and upon the most diligent search are not to be found.

Hall deposed he saw in the plaintiff's hands a receipt of the defendant for 30,000 pounds of cotton; as well as he recollects; it was what is called a gin receipt; the defendant was the near neighbor of the plaintiff, and his gin was the most convenient to the latter. The deponent is the plaintiff's brother in law.

Cheney deposes he recollected taking the plaintiff's crop to the river; it came from the defendant's gin; it was delivered him at Cheneyville by King. In 1819, he paid $1 50 per barrel for corn. In the spring, corn was very high, but he has no knowledge of the price.

Simmons deposed he got 40 barrels of corn from the plaintiff for the defendant in 1817. He went into the field and gathered it.

Cheney deposed there was an understanding the corn should be returned in March, 1819, with twenty per cent. In the fall of 1818, the defendant bought from Levy Stafford, corn at $1 50, which he was to pay the plaintiff.

Simmons deposed he was overseer to the defendant's gin. There were 30,000 pounds of cotton. He delivered 12 bales to *Sutton* and 8 to *Bacon.* The defendant by his gin and crop made 30 bales. The above 20 bales were delivered to the plaintiff's order; they averaged 400 pounds; the press made bad bales and the gin none of the best: 3 bales which were for King were upset in the bayou. The plaintiff refused to receive some, or the whole of the cotton that was to be delivered to Sutton. Some were repressed, and he heard that the defendant had promised to repress some of the bales objected to.

Hennyman said he paid in the winter of 1818, and fall of 1819, 6 1-2 and 7 cents for cotton in the seed. Cotton sold lower in the summer of 1819 than in the spring. He purchased 100 bales and lost $4000: the average price was 20 cents.

King deposed the plaintiff gave an order for 12 bales and 6 were received: it is generally supposed that 400 pounds of seed cotton give one hundred of clean.

Lackie deposed he received 3 bales of cotton from the plaintiff, which were sold by Beatty: in the fall of 1819, cotton was 19 cents.

Bryan went to the defendant's gin to receive the cotton, six bales of which were shipped by King in the spring of 1819; three were turned overboard: he received 9 and turned over 3: he left these on the bank: the cotton was in bad order: the bagging and ropes rotting off. seed from the gin had washed under it and was growing into it.

Simmons deposes, Sutton took none of the plaintiff's cotton from the gin, but he rolled it out.

Sutton deposed he bought from the plaintiff 12 or 14 bales of cotton, but did not receive it: it was not put up in a mercantile manner: he went with the plaintiff to the defendant's gin it, but the plaintiff declined receiving it, as it was in bad order. The defendant promised to repress some of the bales: the gin made bad cotton: when he came to weigh it, he found the bales on poles: they were not touching the ground and were covered with boards: they were protected from the weather, except from beating rain: the cotton was not trashy, but stained.

An application for a new trial was made on the affidavit of Howard.

He deposed he is the son-in-law of the de-

West'n District,
*Sept.* 1824.

STAFFORD
*vs.*
CALLIHAM.

fendant, who is now absent from the state, since September last. In his absence the deponent attends to his business. The cause being continued at the last term, the petition and answer were lost. In the beginning of the present term nothing was done in the suit, and the deponent believing nothing would be done, went hence. On the second week of the term he understood the plaintiff was taking his witnesses to court; whereupon he attended, with a witness, by whom he expected to prove the delivery of the whole cotton of the plaintiff, but was disappointed: that since the trial, the deponent, in a conversation with Leroy Stafford, has discovered that the said Leroy and Paul G. M'Neely received the whole of the cotton which was not, at the trial, proven to have been delivered to others: that the whole of the plaintiff's, or a considerable portion of it, was in very bad order, and much damaged, when sent to the defendant's gin: that he did not know either of these circumstances before trial, nor could he, by using ordinary diligence, have discovered them: that the affidavit is not made, &c.

It does not appear to us the district judge erred in denying a new trial. There was no

due diligence used (if the facts alledged be true) in ascertaining what quantity of cotton could be proved to have been delivered. It is not sworn that the defendant himself, who went away shortly before the trial, was ignorant of the person to whom the cotton was delivered, indeed he could not well be.

On the merits we see no reason to think the court erred.

It is therefore, adjudged and decreed that the judgment of the district court be affirmed with costs.

*Thomas* for the plaintiff, *Baldwin* for the defendant.